UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

BRIGITTE K. LU
and other similarly situated individuals,

       Plaintiff(s),

v.

SYNERGY AUTO DEALS LLC,
STEEVE VIRGILE,
FRANTZ DERALUS, individually,

       Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
### (OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff BRIGITTE K. LU, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants SYNERGY AUTO DEALS LLC, STEEVE VIRGILE, and FRANTZ DERALUS and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid wages under the laws of the United States. Accordingly, This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff BRIGITTE K. LU is a resident of Dade County, working in Broward County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act. Plaintiff is a covered employee for purposes of the Act.

3. Defendant SYNERGY AUTO DEALS LLC (from now on SYNERGY AUTO DEALS, or Defendant) is a Florida for Profit Corporation, having a business in Broward County, Florida, where Plaintiff worked for Defendants.

4. Individual Defendants STEEVE VIRGILE and FRANTZ DERALUS are the owners/partners/and managers of Defendant Corporation SYNERGY AUTO DEALS. These individual Defendants are the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint occurred in Broward County, Florida, within this Court's jurisdiction.

General Allegations

6. Plaintiff BRIGITTE K. LU brings this cause of action as a collective action to recover from the Defendants overtime and minimum wages, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked for Defendants during one or more weeks on or after June 2023, (the "material time") without being adequately compensated.

7. Defendant SYNERGY AUTO DEALS is a used automobile dealership located at 1001 S. State RD 7, Hollywood, FL 33023, where Plaintiff and other similarly situated individuals worked.

8. The employer SYNERGY AUTO DEALS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail company performing as a used vehicle dealership. Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the

annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

9. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated used the channels of interstate commerce to perform their work. Therefore, there is individual coverage.

10. Defendants SYNERGY AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS employed Plaintiff BRIGITTE K. LU as a non-exempted, full-time, hourly employee from June 01, 2023, to June 30, 2023, or 4 weeks.

11. Plaintiff worked in Defendant's Business Development Center as a BDC agent. Defendants provided Plaintiff with a list of leads, Plaintiff's duties consisted of making outbound calls to set up appointments between the potential buyers and the car dealer. Clients came to the showroom and closed the deal with the sales manager. Plaintiff did not participate, and she was not directly involved in the actual sale of the vehicle.

12. Plaintiff was paid a rate of $10.00 an hour plus commissions.

13. Plaintiff had a mandatory schedule, and she worked five days per week an average of 10 hours daily, or 50 hours weekly. Plaintiff did not take bonafide lunchtime hours.

14. In her last week of employment, Plaintiff worked seven days per week or 70 hours for the week.

15. During her employment with Defendants Plaintiff was not paid her wages regularly on payment day. Defendants paid Plaintiff less than the required minimum wages, and she was not paid for overtime hours. In addition, Defendants did not pay Plaintiff commissions as agreed.

16. Within her eight weeks of employment, Plaintiff was paid only twice. Defendants paid Plaintiff irregularly and on partial payments. The remaining balance was always carried forward to the next payment period.

17. Plaintiff was not in agreement with the lack of payment for commissions earned, and she complained several times to the owners of the business, STEEVE VIRGILE, and FRANTZ DERALUS, but they never fixed the problem.

18. On or about Sunday, June 30, 2023, Plaintiff was forced to leave her employment because she was working too many hours and she was not being paid minimum wages, overtime hours, and her commissions, as agreed.

19. At the time of her resignation, Defendants refused to pay Plaintiff her unpaid wages and commissions earned.

20. Defendants did not maintain any time-keeping method, but they were able to monitor the hours worked by Plaintiff and other similarly situated individuals, and they knew that Plaintiff was working 50 and 70 hours per week.

21. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

22. Defendants also failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

23. Plaintiff was paid by direct deposits without any paystub or records showing the number of days and hours worked, the number of cars sold, commissions earned, employee taxes withheld, etc.

24. At times mentioned, individual Defendants STEEVE VIRGILE and FRANTZ DERALUS were, and are now, the owners/partners/managers of   SYNERGY AUTO DEALS.

Defendants STEEVE VIRGILE and FRANTZ DERALUS were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in SYNERGY AUTO DEALS's interests concerning its employees, including Plaintiff and others similarly situated. Defendants STEEVE VIRGILE and FRANTZ DERALUS had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

25. Plaintiff is not in possession of time and payment records, but she will provide a preliminary Statement of Claim. Plaintiff will amend her Statement of Claim according to time and payment records after proper discovery.[1]

26. Plaintiff BRIGITTE K. LU seeks to recover minimum wages and overtime hours for all worked during her employment with Defendants, liquidated damages, retaliatory damages, commissions, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

27. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular hour as required by the FLSA.

---

[1] At this time, Plaintiff has limited time and payment records and has not deducted any payment received . Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations

29. This action is intended to include every BDC agent and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

30. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay a reasonable Attorney's fee.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

31. Plaintiff BRIGITTE LU re-adopts every factual allegation stated in paragraphs 1-30 above as if set out in full herein.

32. Plaintiff BRIGITTE LU brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after June 2023,  (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

33. Defendants SYNERGY AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS employed Plaintiff BRIGITTE K. LU as a non-exempted, full-time, hourly employee from June 01, 2023, to June 30, 2023, or 4 weeks.

34. Plaintiff worked in Defendant's Business Development Center as a BDC agent. Plaintiff did not participate, and she was not directly involved in the actual sale of the vehicle.

35. Plaintiff was paid a rate of $10.00 an hour plus commissions.

36. Plaintiff had a mandatory schedule, and she worked five days per week an average of 10 hours daily, or 50 hours weekly. Plaintiff did not take bonafide lunchtime hours.

37. In her last week of employment, Plaintiff worked seven days per week or 70 hours for the week.

38. During her employment with Defendants Plaintiff was not paid her wages regularly on payment day. Defendants paid Plaintiff less than the required minimum wages, and she was not paid for overtime hours. In addition, Defendants did not pay Plaintiff commissions as agreed.

39. Plaintiff worked in excess of 40 hours weekly, but she was not paid for overtime hours, as required by law.

40. Defendants did not maintain any time-keeping method, but they were able to monitor the hours worked by Plaintiff and other similarly situated individuals, and they knew that Plaintiff was working 50 and 70 hours per week.

41. Therefore, Defendants failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

42. On or about Sunday, June 30, 2023, Plaintiff was forced to leave her employment because she was working too many hours and she was not being paid minimum wages, overtime hours, and her commissions, as agreed.

43. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

44. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

46. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of unpaid O/T wages</u>:

      Nine Hundred Ninety Dollars and 00/100 ($990.00)

    b.  <u>Calculation of such wages</u>:

      Total weeks of employment:  4 weeks
      Relevant weeks of employment:  4 week
      Total number of hours worked: 50-75 hours
      Total number of O/T hours: 10-35 O/T hours
      Wage rate: $10.00 an hour
      Florida minimum wage rate: $11.00 an hour x 1.5=$16.50 O/T rate
      O/T rate: $16.50

      1.-Overtime for 3 weeks with 50 hours weekly/ 10 O/T hours
      $16.50 x 10 O/T hours=$165.00 weekly x 3 weeks=$495.00

      2.-Overtime for 1 week with 70 hours weekly/ 30 O/T hours
      $16.50 x 30 O/T hours=$495.00 weekly x 1 weeks=$495.00

      Total #1 and #2: $990.00

      <u>Nature of wages (e.g., overtime or straight time)</u>:

      This amount represents unpaid overtime wages.[2]

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

47. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked over the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

48. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

49. Defendants SYNERGY AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

50. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay a reasonable Attorney's fee.

<u>Prayer For Relief</u>

WHEREFORE, Plaintiff BRIGITTE LU and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendants SYNERGY AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable Attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff BRIGITTE LU and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

51. Plaintiff BRIGITTE K. LU re-adopts every factual allegation stated in paragraphs 1-30 of this complaint as if set out in full herein.

52. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

53. Defendants SYNERGY AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS employed Plaintiff BRIGITTE K. LU as a non-exempted, full-time, hourly employee from June 01, 2023, to June 30, 2023, or 4 weeks.

54. Plaintiff worked in Defendant's Business Development Center as a BDC agent. Defendants provided Plaintiff with a list of leads, Plaintiff's duties consisted of making outbound calls to set up appointments between the potential buyers and the car dealer. Clients came to the showroom and closed the deal with the sales manager. Plaintiff did not participate, and she was not directly involved in the actual sale of the vehicle.

55. Plaintiff was paid a rate of $10.00 an hour plus commissions.

56. Plaintiff had a mandatory schedule, and she worked five days per week an average of 10 hours daily, or 50 hours weekly. Plaintiff did not take bonafide lunchtime hours.

57. In her last week of employment, Plaintiff worked seven days per week or 70 hours for the week.

58. During her employment with Defendant, Plaintiff was not paid timely.

59. On or about June 30, 2023, Plaintiff was forced to leave her position because she did not receive her wages on the payday.

60. At the time of her leave, Defendants did not pay Plaintiff for her unpaid regular wages.

61. Plaintiff did not clock in and out, but Defendants were in absolute control of her schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

62. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

63. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

64. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, the Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

65. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights under the FLSA. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

66. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

       One Thousand Seven Hundred Sixty Dollars and 00/100 ($1,760.00)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 4 weeks
       Total relevant weeks of employment: 4 weeks
       Total number of unpaid weeks: 4 weeks

       Total hours worked:40 regular hours weekly
       Total number of unpaid hours: 40 hours per week
       Regular rate: $10.00 an hour
       Fl. Minimum wages: $11.00 an hour

Min. Wage $11.00 x 40 hours=$440.00 weekly x 4 weeks=$1,760.00

    c.  <u>Nature of wages:</u>

This amount represents unpaid minimum wages at the Florida Min. wage rate[3]

67. Defendants SYNERGY AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

68. Defendants knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above. Plaintiff is entitled to recover double damages.

69. Defendants SYNERGY AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. The Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay a reasonable Attorney's fee.

<u>Prayer for Relief</u>

WHEREFORE, Plaintiff BRIGITTE K. LU and those similarly situated respectfully request that this Honorable Court:

    A.  Enter judgment for Plaintiff BRIGITTE K. LU and against the Defendants SYNERGY

---

[3] At this time, Plaintiff has limited time and payment records and has not deducted any payment received. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations

AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff BRIGITTE K. LU and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION**
**PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY CONSTRUCTIVE DISCHARGE;**
**AGAINST ALL DEFENDANTS**

70. Plaintiff BRIGITTE K. LU re-adopts every factual allegation stated in paragraphs 1-26 of this complaint as if set out in full herein.

71. Defendant SYNERGY AUTO DEALS was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 USC § 203(s)(1)(B).

72. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

73. 29 USC § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

74. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

75. Likewise, 29 USC 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

76. Defendants SYNERGY AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS employed Plaintiff BRIGITTE K. LU as a non-exempted, full-time, hourly employee from June 01, 2023, to June 30, 2023, or 4 weeks.

77. Plaintiff worked in Defendant's Business Development Center as a BDC agent. Plaintiff did not participate, and she was not directly involved in the actual sale of the vehicle.

78. Plaintiff was paid a rate of $10.00 an hour plus commissions.

79. Plaintiff had a mandatory schedule, and she worked five days per week an average of 10 hours daily, or 50 hours weekly. Plaintiff did not take bonafide lunchtime hours.

80. In her last week of employment, Plaintiff worked seven days per week or 70 hours for the week.

81. During her employment with Defendants Plaintiff was not paid her wages regularly on payment day. Defendants paid Plaintiff less than the required minimum wages, and she was not paid for overtime hours. In addition, Defendants did not pay Plaintiff commissions as agreed.

82. While employed by Defendants, Plaintiff was paid only twice. Defendants paid Plaintiff irregularly and on partial payments.

83. Plaintiff was not in agreement with the lack of payment for commissions earned, and she complained several times to the owners of the business, STEEVE VIRGILE, and FRANTZ DERALUS, but they never fixed the problem.

84. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

85. On or about Sunday, June 30, 2023, Plaintiff was forced to leave her employment because she was working too many hours and she was not being paid minimum wages, overtime hours, and her commissions, as agreed.

86. At the time of her resignation, Defendants refused to pay Plaintiff her unpaid wages and commissions earned.

87. Defendants did not maintain any time-keeping method, but they were able to monitor the hours worked by Plaintiff and other similarly situated individuals, and they knew that Plaintiff was working 50 hours per week.

88. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

89. Defendants also failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

90. Plaintiff was paid by direct deposits without any paystub or records showing the number of days and hours worked, the number of cars sold, commissions earned, employee taxes withheld, etc.

91. On or about June 30, 2023, Plaintiff was forced to resign from her employment with Defendants because Defendants denied the payment of regular wages, overtime hours, and commissions.  Plaintiff could not continue working without adequate payment.

92. Consequently, on or about June 30, 2023, Plaintiff was constructively discharged because Defendants deliberately created unfair working conditions that any reasonable person could accept.

93. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than unlawful employment practices to discharge Plaintiff constructively.

94. The termination of Plaintiff BRIGITTE K. LU by the Defendants was directly and proximately caused by the Defendants' unjustified retaliation against Plaintiff because she complained about unpaid wages, in violation of Federal Law.

95. Defendants SYNERGY AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS willfully and maliciously retaliated against Plaintiff BRIGITTE K. LU by engaging in a retaliatory action that was materially adverse to a reasonable employee and with the purpose to dissuade Plaintiff from exercising her rights under 29 U.S.C. 215(a)(3).

96. The motivating factor which caused Plaintiff BRIGITTE K. LU to be constructively discharged from the business, as described above, was her complaints seeking regular and overtime wages from the Defendants.

97. Defendants' constructive discharge of Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

98. Plaintiff BRIGITTE K. LU has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorney's fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff BRIGITTE K. LU respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants SYNERGY AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS that Plaintiff BRIGITTE K. LU recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable Attorney fees, costs, and expenses.

D. Order Defendants SYNERGY AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff BRIGITTE K. LU further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff BRIGITTE K. LU demands a trial by a jury of all issues triable as a right by a jury.

**COUNT IV**
**<u>UNPAID WAGES (COMMON LAW) – 448.08</u>**
**<u>AGAINST ALL DEFENDANTS</u>**

99. Plaintiff BRIGITTE K. LU re-adopts every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

100. At all times material hereto, Plaintiff was an employee of the Defendants SYNERGY AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS.

101. On or about June 01, 2023, Plaintiff BRIGITTE K. LU and Defendants SYNERGY AUTO DEALS STEEVE VIRGILE and FRANTZ DERALUS entered into a contract (hereinafter the "Employment Contract") by which Plaintiff agreed to serve Defendants as a BDC agent.

102. Plaintiff worked for Defendants SYNERGY AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS from June 01, 2023, to June 30, 2023, or four weeks.

103.     Defendants entered into an employment contract with Plaintiff BRIGITTE K. LU by agreeing to pay Plaintiff for the total value of her work and services.

104.     Pursuant to the Employment Contract entered with Plaintiff BRIGITTE K. LU, Plaintiff would be working under a mandatory schedule of 40 hours or more every week.

105.     Defendants would pay Plaintiff a regular rate of $10.00 an hour plus commissions.

106.     Defendants offered to compensate Plaintiff for every car sold during the week.

107.     Plaintiff fulfilled her obligations under the Employment agreement entered into with Defendants. Plaintiff worked from Monday to Sunday, a total of 50 and 70 hours weekly. At all times material hereto, Plaintiff performed and excelled at the essential functions of her position.

108.     However, Defendants breached their Employment contract with Plaintiff by failing to pay Plaintiff wages and commissions as agreed.

109.     Plaintiff received only irregular partial payments. The remaining balance was always carried forward to the next payment period.

110.     Plaintiff was not in agreement with the lack of payment for commissions earned, and she complained several times to the owners of the business STEEVE VIRGILE and FRANTZ DERALUS, but they never fixed the problem.

111.     Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiff was working 50 and 70 hours without lunchtime.

112.     On or about Sunday, June 30, 2022, Plaintiff was forced to leave her employment because she was working up to 70 hours weekly and she was not being paid her hard-earned wages, overtime hours, and commissions.

113.     Plaintiff did not receive her hard-earned commissions as agreed.

114.     Unpaid commissions constitute unpaid wages under Florida law.

115.     Therefore, Plaintiff was not paid for the total value of her work and services, as promised and required by law.

116.     At the moment of her resignation, Defendants refused to pay paid Plaintiff her overdue commissions.

117.     Plaintiff does not have accurate information about the amount of commissions owed to her. After discovery, Plaintiff will be able to provide her damages.

118.     Defendants SYNERGY AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS willfully failed to pay Plaintiff BRIGITTE K. LU wages and commissions during her time of employment.

119.     This is an action in the common law.

120.     Plaintiff BRIGITTE K. LU is entitled to damages as a result of the Defendants' failure to pay wages, as further stated above.

121.     Plaintiff BRIGITTE K. LU has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorney's fees and costs.

<u>Prayer for Relief</u>

WHEREFORE, Plaintiff BRIGITTE K. LU respectfully requests that this Honorable Court enter a judgment against Defendants SYNERGY AUTO DEALS, STEEVE VIRGILE, and FRANTZ DERALUS that :

A.  Award the Plaintiff BRIGITTE K. LU unpaid wages found to be due and owing;

B.  Award the Plaintiff prejudgment interest;

C.  Award the Plaintiff reasonable Attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

D.  Order such other relief as this Court deems just and equitable.

<u>Demand for a Jury Trial</u>

Plaintiff BRIGITTE K. LU and those similarly situated demand trial by a jury of all issues triable

as a right by a jury.

Dated: July 30, 2022,

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:          (305) 446-1500
Facsimile:          (305) 446-1502
Zep@thepalmalawgroup.com
*Attorney for Plaintiff*
